UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED OSMANI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALGREEN CO., WALGREEN EASTERN CO.,<br><br>　　　　　Defendants. | Case No.:  1:26-cv-92 (AMN/TWD) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants Walgreen Co. ("Walgreens") and Walgreen Eastern Co., Inc. ("Eastern Co.," improperly named in this action as "Walgreen Eastern Co.") (collectively, "Defendants"), hereby remove this action from the Supreme Court of the State of New York, County of Rensselaer, where it is pending, to the United States District Court for the Northern District of New York. In support of this Notice of Removal, Defendant states as follows:

**I.    PROCEDURAL HISTORY OF STATE COURT ACTION**

1.    On or about October 3, 2025, Plaintiff Mohammed Osmani ("Plaintiff") commenced an action against Defendants entitled *Mohammed Osmani v. Walgreen Co., Walgreen Eastern Co.*, Index No. EF2025-281081, in the Supreme Court of the State of New York, County of Rensselaer by filing a Summons with Notice. *See* Summons with Notice, attached hereto as Exhibit A.

2.    On or about December 22, 2025, Corporation Service Company received a copy of the Summons with Notice by Certified Mail from the Secretary of State in New York. *See* Notice of Service of Process, Exhibit B.

3. In the Summons with Notice, Plaintiff purports to assert employment related claims against Defendants for: wrongful termination, retaliation, whistleblowing, hostile work environment, New York Labor Law §§ 215 and 740, and the New York State Human Rights Law for discrimination and retaliation based on nationality, race, and religion. *See* Exhibit A.

4. In the Summons with Notice, Plaintiff purports to seek damages for: attorneys' fees, pain and suffering, economic loss, lost wages, lost opportunity, punitive damages, liquidated damages, and injunctive and declaratory relief. *Id.*

5. No proceedings have been held in the New York Supreme Court, and the Summons with Notice, attached as Exhibit A, constitutes all process, pleadings, and orders received by Defendants, or of which Defendants are otherwise aware.

6. Defendants vigorously deny that they have engaged in any form of wrongdoing or that Plaintiff is entitled to any damages as alleged in the Summons with Notice.

II. **GROUNDS FOR REMOVAL**

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

8. As demonstrated below, this action is removable to the United States District Court for the Northern District of New York under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this matter under 28 U.S.C. § 1332 (diversity of citizenship), and because this Court encompasses the district where the action currently is pending.

 A. **The Court Has Original Jurisdiction Under 28 U.S.C. § 1332**

9. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between . . . citizens of different States." In this matter, removal is appropriate as the proper parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

      **B.**      <u>**Complete Diversity of Citizenship Exists.**</u>

      10.      Plaintiff is a resident and domiciliary of the State of New York. *See* Exhibit A, indicating Plaintiff lives in Rensselaer County, New York. Plaintiff is an individual, and, therefore, is a citizen of New York for purposes of 28 U.S.C. § 1332.

      11.      Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."

      12.      Defendant Walgreen Co. is incorporated in Illinois and has its principal executive offices in Deerfield, Illinois, which is where Walgreen Co.'s major corporate functions including its centralized record keeping, accounting, finance, and human resources are managed and/or directed. *See* Ex. C, Declaration of Paul Lim ("Lim Decl.") at ¶ 3. Defendant Walgreen Co. is a corporation and, therefore, is deemed a citizen of Illinois for purposes of 28 U.S.C. § 1332. *See id.*; *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010) (holding that a corporation's principal place of business is its "nerve center," "the place of actual direction, control, and coordination," and "in practice it should normally be the place where the corporation maintains its headquarters").

      13.      As Plaintiff is a citizen of New York and Walgreens is a citizen of Illinois, this action is between "citizens of different states" for purposes of 28 U.S.C. § 1332(a)(1).

      **C.**      <u>**Walgreen Eastern Co. Is An Improperly Joined Defendant.**</u>

      14.      Plaintiff's Summons with Notice asserts claims related to his employment. *See* Ex. A.

      15.      However, Eastern Co. has never employed Plaintiff. *See* Lim Decl. at ¶ 4.

16. Plaintiff does not assert any non-employment related claims in his Summons with Notice. *See* Ex. A.

17. Accordingly, where Plaintiff has only asserted employment related claims, and he was never employed by Eastern Co., there can be no viable claims against Eastern Co.

18. Accordingly, Eastern Co. is not a proper defendant nor a real party in interest in this action, and its citizenship is therefore irrelevant. *See Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 207 (2d Cir. 2001) (finding plaintiff fraudulently joined a defendant in an attempt to defeat diversity jurisdiction and explaining, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *citing Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir.1998)(denying motion to remand and finding diversity jurisdiction existed where improperly joined defendant did not exercise control over plaintiff's working conditions or the employment policies and practices at issue).

  **D.**  **The Amount in Controversy Requirement is Satisfied**

19. Plaintiff's employment ended on June 26, 2025. *See* Lim Decl. at ¶ 5.

20. Plaintiff's annualized salary at the time his employment ended was $160,524. *Id.* at ¶ 6.

21. In the Summons with Notice, Plaintiff alleges that he is seeking relief for attorneys' fees, pain and suffering, economic loss, lost wages, lost opportunity, punitive damages, and liquidated damages, among other damages. *See* Exhibit A at p. 2.

22. As Plaintiff's annualized salary was $160,524, and his employment ended over 6 months ago, if Plaintiff were to prevail at trial on all of his claims, there is a reasonable probability

the damages he is seeking would together exceed $75,000, as his lost wages alone are already over $75,000.[1]

23. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs

24. As such, removal is proper under 28 U.S.C. §§ 1441 and 1446.

### III. THE PROCEDURAL REQUIREMENTS OF REMOVAL HAVE BEEN SATISFIED

#### A. Venue is Proper in the Northern District of New York

25. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Northern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, County of Rensselaer, where Plaintiff originally filed this action. *See, generally*, Exhibit A; 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

#### B. Defendants Have Timely Filed This Notice of Removal

26. Defendants first received copy of the Summons with Notice on December 22, 2025. *See* Exhibit B.

---

[1] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiff's Summons with Notice. Defendants' reference to a specific damages amount is solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendants maintain that Plaintiff's claims are without merit and that Defendants are not liable to Plaintiff. Defendants deny that Plaintiff has suffered any damage because of any act or omission by Defendants. No statement contained in this Notice of Removal constitutes an admission of liability or a suggestion that Plaintiff will or could recover any damages amounts based upon the allegations contained in the Summons with Notice or otherwise.

27.     Therefore, this Notice of Removal is being timely filed within 30 days after the receipt by Defendants of a copy of the pleading, motion, order or other paper from which it could be ascertained that the case has become removable, pursuant to 28 U.S.C. § 1446(b).

**C.     The Notice of Removal Complies with 28 U.S.C. §§ 1445 and 1446**

28.     This action is not an action described in 28 U.S.C. § 1445.

29.     In compliance with 28 U.S.C. § 1446(d), Exhibits A through D attached hereto constitute all process, pleadings, and orders that have been filed in the State Court Action.

30.     Defendants will promptly file a notice of filing this Notice of Removal with the Supreme Court, County of Rensselaer in accordance with 28 U.S.C. § 1446(d). A copy of such notice of filing is attached hereto as Exhibit D.

31.     A copy of this Notice of Removal has been served upon Plaintiff by overnight Federal Express in accordance with 28 U.S.C. § 1446(d).

32.     Based on the foregoing, the requirements for removal under 28 U.S.C. §§ 1441 and 1446 are met and this action is, therefore, properly removed to the United States District Court for the Northern District of New York.

33.     By filing a Notice of Removal, Defendants do not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

WHEREFORE, Defendants respectfully request that the above-captioned action pending against it in the Supreme Court of the State of New York, County of Rensselaer, be removed therefrom to this Court for further proceedings.

Respectfully submitted,

Dated: January 21, 2026
New York, NY

MORGAN, LEWIS & BOCKIUS LLP

By:   */s/ Ashley J. Hale*
Ashley J. Hale
101 Park Avenue
New York, NY 10178
(212) 309-6000
ashley.hale@morganlewis.com

*Attorneys for Defendants
Walgreen Co. and Walgreen Eastern Co.*

## CERTIFICATE OF SERVICE

I hereby affirm that I caused to be served a true and correct copy of Defendant's Notice of Removal by overnight Federal Express and email, this 21st day of January, 2026, on:

Ryan M. Finn, Esq.<br>
12 Sheridan Avenue<br>
Albany, NY 12207<br>
Ryan@LawFinn.com

*/s/ Ashley J. Hale*
Ashley J. Hale